FILED
SUPERIOR COURT
OF GUAM

2022 AUG 25 PM 1: 31

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAISY MARIE B. JUMAN *fka* DAISY MARIE BENAVENTE SALAS,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT J. QUIDACHAY SALAS,<br><br>Defendant. | DOMESTIC CASE NO.: DM0269-10<br><br>**DECISION AND ORDER**<br>*Plaintiff's Motion for Order to Show Cause Re: Contempt* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on May 19, 2022, for a hearing on Plaintiff's Motion for Order to Show Cause Re: Contempt. Present at the hearing were: Plaintiff Daisy Juman ("Plaintiff") with Counsel Catherine Camacho, and Defendant Vincent Salas ("Defendant") with Counsel Nicole Cruz. Having considered the arguments, briefs, and the applicable law, the Court hereby **DENIES** Plaintiff's Motion for Order to Show Cause Re: Contempt.

## BACKGROUND

The instant case arises from a Complaint for Divorce filed on April 22, 2010. The parties entered into a Stipulated Interlocutory Judgment of Divorce on September 29, 2011, and the same was filed on October 25, 2011, with a Final Decree of Divorce that incorporated the provisions of the Stipulated Interlocutory Judgement.

On March 16, 2022, Plaintiff filed a Motion for Order to Show Cause Re: Contempt wherein she argued that: (1) Defendant failed to remit monthly payments to the Personal Finance Center for the 2008 Dodge Nitro; (2) Defendant failed to make monthly payments on the Small Business Administration Loan ("SBA Loan"), which encumbered the Agat Property; and (3) Defendant failed to refinance the SBA Loan within five years of the Final Decree. *See* Pl.'s Mot. OSC (March 16, 2022). Defendant filed his Opposition on April 18, 2022, wherein he argues that the Chamorro Land Trust Lease is not assignable and is not transferable, and the contemplated "transfer" of the Lease under the Stipulated Interlocutory Judgment is void. *See* Def's Opp'n (April 18, 2022). Then on May 5, 2022, Plaintiff filed her Reply.

A hearing on the instant motion was held on May 19, 2022. At the hearing, the parties established that the payment of the 2008 Dodge Nitro was no longer at issue. *See* Min. Entry 10:54:50AM (May 19, 2022). As such, the parties focused their arguments on the Agat Property, and the Court took the matter under advisement. Having established that the 2008 Dodge Nitro is a non-issue, the Court's Decision and Order only addresses (1) the SBA Loan on the Agat Property; (2) refinancing the SBA Loan within five years of the Final Decree; and (3) the transfer of the Chamorro Land Trust Lease.

DISCUSSION

## I.   CONTEMPT

Trial courts may use its contempt powers under title 7 GCA section 34101 to hold a party in contempt for failure to comply with the court's orders. *See Paul's Guam Inc. v. Superior Court of Guam*, 2020 Guam 30 ¶ 18; *see* 7 GCA § 34101. Title 7 GCA section 34101(b) establishes the penalty that may be imposed on a person found guilty of indirect contempt of court, and it states in relevant part:

> Any person found guilty of contempt of court pursuant to § 34102(b) [regarding indirect contempt of court] is subject to the same penalties as a person found guilty of a petty misdemeanor.

7 GCA § 34101(b). The elements of contempt are generally: "(1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply with the order." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 44; quoting *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15.

### a.   Valid Order and Knowledge of the Order

The first issue is whether there is a valid order, and whether the parties had knowledge of that order. "A divorce decree incorporating a settlement agreement is simply a consent decree." *Blas v. Cruz*, 2009 Guam 12 ¶ 18; citing *Leon Guerrero v. Moylan*, 2000 Guam 28 ¶ 8. "A consent decree is a form of a contract." *Leon Guerrero*, 2000 Guam 28 ¶ 8. "It is approved on its face by a court presumably not privy to the details of the negotiation, or the parties' subjective intentions; it is then incorporated in a judicial order; and it is ultimately backed up by the court's power of contempt." *Id.*

Here, the Court approved the Final Decree of Divorce, which incorporated the provisions of the Stipulated Interlocutory Judgment of Divorce, on its face and without being privy to the details of negotiations or the subjective intentions of the parties. *See Leon*

*Guerrero*, 2000 Guam 28 ¶ 8. As such, the valid order here is the Final Decree of Divorce, and the parties' knowledge of the same is not disputed. Therefore, a finding of contempt turns on the third and fourth elements. The Court addresses each argument in turn.

### b. Ability to Comply with the Order

#### i. SBA Loan

The first issue is whether Defendant had the ability to pay the SBA Loan as required by the Final Decree of Divorce. Plaintiff argues that "Defendant failed to make monthly payments on the [SBA Loan], on a consistent basis," and directs the Court's attention to Exhibit 4. Pl's Decl. pp. 3 - 4 and Ex. 4 (March 16, 2022). Defendant argues that there is no notice of default on the SBA loan, and asserts that "[he] is current on the SBA mortgage and never defaulted." *See* Min. Entry 10:58:00AM (May 19, 2022); *see* also Def's Decl. p. 2 (April 18, 2022).

Here, Plaintiff misrepresents the language of the Stipulated Interlocutory Judgment. Plaintiff asserts that "in violation of the Stipulated Interlocutory Judgment, Defendant failed to make *monthly* payments on the [SBA Loan]...." However, the Stipulated Interlocutory Judgment specifically states, "[Defendant] further agrees that should he get *two or more months behind* in … the SBA … loan [], or otherwise default…on … [the SBA Loan]...." *See* Stip. Interloc. J. pp. 3 - 4 (Oct. 25, 2021). This language reflects that Defendant could have paid the SBA Loan one month late without being in violation of the provision. Further, Plaintiff's Exhibit 4 reflects that Defendant never went beyond one month without making a payment. As such, Defendant was still within that limits set forth in the Stipulated Interlocutory Judgment provision that is *"two or more months"* late. Finally, Defendant asserts that he never defaulted on the SBA loan and is current on payments. Court observes no evidence to the contrary. Therefore, the Court finds that Defendant has the ability to pay the

SBA Loan, and has been doing so. The Court finds that there is no violation of the Stipulated Interlocutory Judgment as it relates to the SBA Loan, and Defendant is not in contempt.

### ii. Refinancing the SBA Loan

The next issue is whether Defendant had the ability to refinance the SBA Loan within five years of the Final Decree of Divorce. Plaintiff asserts that "Defendant failed to refinance the [SBA Loan] within five years from the divorce." Pl's Decl. p. 4 (March 16, 2022). Defendant argues that "shortly after divorce, [he] attempted to refinance the SBA loan. [He] applied at Bank Pacific and Bank of Hawaii. [He] was denied [his] applications because [his] income was too low, around $11/hr. Also, the banks said that because the house was built on Chamorro Land Trust land, the banks could not mortgage the leased land." Def's Decl. p. 2 (April 18, 2022).

The Court's finds that Defendant's inability to refinance the SBA Loan in accordance with the Stipulated Interlocutory Judgment is not due to Defendant's lack of effort or neglect. The Court acknowledges Defendant's effort to refinance the SBA Loan through his application at two different banks: Bank Pacific and Bank of Hawaii. *See* Def's Decl. p. 2 (April 8, 2022). Instead, Defendant's inability to refinance the SBA Loan was caused by two things: (1) the inability of the banks to mortgage or lease the Agat home that is built on Chamorro Land Trust Land and encumbered by the SBA Loan; and (2) the denial of Defendant's application due to his low income. *See* Def's Decl. p. 2 (April 8, 2022). As such, Defendant's inability to refinance the SBA Loan in accordance with the Stipulated Interlocutory Judgment does not warrant a finding of contempt.

### iii. Chamorro Land Trust Lease

Finally, the Court turns to whether Defendant had the ability to "immediately transfer" the Chamorro Land Trust lease in which the residential home is situated, as required by the

Final Decree of Divorce. Plaintiff argues that "Defendant has failed to vacate the premises and or transfer the Chamorro Land Trust Lease to [her] name [; and that] not withstanding Defendant's violation of the terms and conditions of the Stipulated Interlocutory Judgment, Defendant has been enjoying exclusive control and use of the Agat property." *See* Pl's Decl. p. 5 (March 16, 2022). Defendant argues that the Chamorro Land Trust Lease is not assignable and is not transferable. Defendant further argues that the contemplated "transfer" of such lease in the Stipulated Interlocutory Judgment, is void. *See* Def's Decl. p. 3 (April 18, 2022).

The Guam Supreme Court has ruled that contract principles apply to the interpretation of settlement agreements. *Leon Guerrero*, 2000 Guam 28 ¶ 8; citing *Camacho v. Camacho*, 1997 Guam 5 ¶ 32. In the interpretation of contracts, effect must be given to the mutual intention of contracts; effect must be given to the mutual intention of the parties as it exists at the time of contracting, so far as the same is ascertainable and lawful. *Id*; citing 18 GCA § 87102. When a contract is reduced in writing, the intention of the parties is to be ascertained from the writing alone, if possible. *Id*.; citing *Camacho*, 1997 Guam 5 ¶ 32; *see* 18 GCA § 87105; *see* also *Boyett v. Boyett*, 799 S.W.2d 360, 362 (Tex.Ct.App. 1992) (ruling that marital property agreements, even if incorporated into a final divorce decree, are treated as contracts and the law of contracts then governs interpretation of the decree's legal force and meaning).

However, it is within the inherent power of the court to set aside consent decrees for fraud, mistake, or absence of real consent. *Leon Guerrero*, 2000 Guam 28 ¶ 8; citing *Hafner v. Hafner*, 54 N.W.2d 854, 857-58 (Minn. 1952). On the other hand, "where a party to a divorce action, represented by counsel, voluntarily executes a property settlement agreement which is approved by the court and incorporated into a divorce decree, such decree may not be vacated or modified as to such property provisions in the absence of fraud or gross inequity. *Id*.; citing *Hoshor v. Hoshor*, 580 N.W.2d 516, 522 (Neb. 1998).

Here, the Court interprets the relevant provision of the Stipulated Interlocutory Judgment, which is:

> *[Defendant] further agrees that should he get two or more months behind in either the SBA or Personal Finance Center loans, or otherwise default on either loan as defined in the loan documents, he will, upon written demand from Plaintiff, immediately transfer the Chamorro Land Trust lease on which the residential home is situated to Plaintiff (subject to approval by the Chamorro Land Trust Commission) and quitclaim all his interest in the residential home to Plaintiff at no cost to Plaintiff.* He further agrees to immediately vacate the home and Plaintiff will then assume exclusive ownership and possession of the home. At such an occurrence, Plaintiff will then become solely liable for the SBA loan and hold Defendant harmless on all future loan payments. However, Defendant shall remain solely liable for any deficiencies on the SBA loan incurred prior to Plaintiff's possession.
>
> *If Defendant remains in possession of the residential home, he agrees to refinance the home by the end of the five-year period, removing Plaintiffs name from the mortgage.* Should he fail to do so, the home will immediately be marketed for sale by a real estate broker chosen exclusively by Plaintiff.

Stip. Interloc. J. pp. 3 - 4 (Oct. 25, 2021) (emphasis added).

First, the Court notes the conditional language used in the provision:

> [S]hould [Defendant] get two or more months behind in either the SBA or Personal Finance Center loans or otherwise default on either loan, … he will upon written demand from Plaintiff, *immediately transfer the Chamorro Land Trust lease on which the residential home is situated to Plaintiff.*

*See* Stip. Interloc. J. pp. 3 - 4 (Oct. 25, 2021) (emphasis added). Based on the parties' ascertainable intentions reflected in the written provision above, the triggering events for the transfer of the Chamorro Land Trust lease are twofold. First, Defendant must have been two or more months behind on either the SBA Loan or the Personal Finance Loan, or have defaulted in either of those loans. Second, Plaintiff must have made a written demand for Defendant to transfer the Chamorro Land Trust Lease to her.

Here, the first prong of the triggering event—Defendant's payment that is two or months behind, or a default on the loan—has not occurred. Defendant was never more than *one* month behind on the SBA Loan. *See* Pl's Decl. Ex. 4 (March 16, 2022). Further, Defendant

was never in default of that loan. *See* Def's Decl. p. 2 (April 18, 2022). It has also been established that the Personal Finance Loan and its correlation to the 2008 Didge Nitro is a non-issue in the instant matter. Notwithstanding the nonoccurrence of the first triggering event, Plaintiff executed a written demand for the transfer of the Chamorro Land Trust lease. *See* Pl's Decl. Ex. 5 (March 16, 2022). Without the initial triggering event—Defendant's payment that is two or more months behind, or default on the loan—Plaintiff's written demand is premature and ineffective. As such, the transfer of the Chamorro Land Trust lease was never effectively triggered, and a finding of Defendant in contempt therein is not warranted. The Court also notes that there is no motion before the Court to determine the validity of such provision or to set the same aside. Therefore, the Court will not delve into such analysis here. Finally, in the interest if a complete analysis, the Court turns to the last element of contempt.

### c. Willful failure to Comply with the Order

#### i. *SBA Loan*

The issue is whether Defendant willfully failed to pay the SBA Loan as required by the Final Decree of Divorce. Here, Plaintiff uses the term "failure" throughout her moving papers and in her Declaration. However, what is noticeably absent from Plaintiff's assertions is an argument or explanation to Defendant's "willful failure" to comply, which is the legal standard for contempt. Instead, the record reflects Defendant's compliance. As established above, Defendant was never more than one month behind on the SBA loan payment, and he was never in default thereof. Therefore, nothing in the record reflects Defendant's willful failure to comply with his obligation to pay the SBA Loan as required by the Final Decree of Divorce. As such, the Court does not find Defendant in contempt.

### ii. Refinancing the SBA Loan

The next issue is whether Defendant willfully failed to refinance the SBA Loan within five years of the Final Decree of Divorce. Again, Plaintiff fails to advance an argument or proof of Defendant's willful failure to refinance the SBA Loan. Instead, the record reflects Defendant's efforts to refinance the SBA Loan at two different Banks: First Hawaiian Bank and Bank Pacific. *See* Def's Decl. p. 2 (April 18, 2022). While Defendant's applications were denied, the Court does not find that Defendant's failure to refinance the SBA Loan was willful. As such, the Court does not find Defendant in contempt.

### iii. Chamorro Land Trust Lease

Finally, the Court turns to whether Defendant willfully failed to "immediately transfer" the Chamorro Land Trust lease in which the residential home is situated, as required by the Final Decree of Divorce. As established above, the trigger for Defendant's transfer of the Chamorro Land Trust lease did not occur. In other words, it cannot be said that Defendant "willfully failed" to execute the transfer the lease to Plaintiff, because such transfer was never triggered. Therefore, the Court does not find Defendant in contempt.

### CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion for Order to Show Cause Re: Contempt.

**IT IS SO ORDERED** ___AUG 2 5 2022___ .

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*A.P, Compato*
*Arivua*
Date:_____ Time:_8/25/22_
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

Page 9 of 9